TRAVELERS INSURANCE COMPANY *v.* THORNTON.

119　455
119　574

1. An expert may aid the jury, but he can not perform the functions of a juror and, under the guise of giving testimony, state a legal conclusion.

2. An expert may give his opinion as to medical facts, but he can not determine the legal classification of such facts and testify as to what was or was not "a contributing cause" of an injury.

3. Where it is sought to charge a principal with notice, he is only required to offer the agent to whom the opposite party claims he gave the notice.   He need not undertake to prove a negative by producing all of his agents, in order to show that each did not receive the notice.

4. Evidence of notice to the company's agent that plaintiff had hernia was admissible, not to establish a waiver of the terms of the policy, but to meet the plea of fraudulent concealment, and thereby prevent the avoidance of the whole contract.   The charge on this subject was in conformity to the Civil Code, §§ 2099, 2101.

5. Policies of insurance do not stand on the same footing as contracts of affreightment by common carriers.   Civil Code, § 2276.   There is no standard form of policy prescribed by statute, and the courts must enforce the contract as made, and can not relieve against results of the assured's failure to comply with lawful stipulations in the policy.

6. Under the terms of the policy here, the plaintiff forfeited to the company any sum for which proof of loss was not made within the time stipulated, and was not entitled to recover an amount greater than that stated in the proof of loss.   The excess should be written off.

7. There were no pleadings to warrant the admission of evidence as to the value of plaintiff's time.

8. From the very definition of the term, irrelevant testimony is ineffective. Ordinarily its admission is not cause for the grant of a new trial, unless, from its peculiar nature or from statements in the assignment of error, it is shown to have had an effect prejudicial to the complaining party.

9. The defendant's objection to the admission of testimony as to the plaintiff's character as irrelevant should have been sustained.   But there was no claim that it was prejudicial, and the answer of the witness that " he did not know, but supposed it was good," itself shows that this testimony as to character was not harmful.   This being a second verdict, a new trial will not be granted for the error.

10. The case was tried in accordance with the former ruling reported in 116 *Ga.* 121.   The evidence was conflicting, but sufficient to sustain a verdict for plaintiff for eight weeks disability.   None of the assignments of error present grounds requiring the second grant of a new trial.

Argued January 15, — Decided February 12, 1904.

Action on accident-insurance policy.   Before Judge Crisp. City court of Americus.   December 27, 1902.

*E. A. Hawkins*, for plaintiff in error.　　*J. H. Lumpkin*, contra.

LAMAR, J.   1, 2. Under the decision in *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 121, it was left for the jury to say whether the

injury was caused by the fall, and aggravated by the hernia, or whether the hernia was a contributing cause to the injury.    A physician could give an opinion on hypothetical facts, on what he had heard other witnesses testify in the case, or on facts discovered by his own investigation.    He could state what, in his opinion, would have been the effect of the blow to the plaintiff without a hernia, and what the effect of the blow with the hernia.    An expert can testify as to what was the cause of death, or of an injury, or as to the effect of disease, or as to the effect of a blow upon one sound or upon one unsound.    He can give his opinion on physical facts or as to the medical facts, but he can not determine the legal classification of such facts.    It was not proper for him to use the language of the decision and testify that the hernia was a "contributing cause."    That was a mixed question of law and fact, to be determined in the light of all the evidence; and it would have been as improper to permit such testimony as it would have been in an ordinary case to allow a witness to say that a particular act amounted to negligence, or to contributory negligence, or that another fact was the proximate or a remote cause.    The expert may aid the jury, but he can not act as a member of the jury; nor, while on the stand, can he transcend the functions of a witness and, under the guise of giving testimony, state a legal conclusion.    Civil Code, § 5287.

3.  Where it is sought to charge a principal having many agents with notice, it is not necessary for him to undertake to prove a negative, and produce all of his agents in order to show that each did not receive the notice.    He is only required to offer that agent to whom the opposite party claims the notice was given.    Civil Code, §§ 5160, 3027.

4.  Several assignments relate to the admission of evidence, and to the charge of the court as to notice to the defendant's agent that the plaintiff had hernia at the time of the application.    The evidence was admissible, not to establish a waiver of the terms of the policy, but to meet the plea of fraudulent concealment, and thereby prevent the avoidance of the whole contract.    The charge was in conformity with the Civil Code, § 2099.

5–10.  Defendant's objection to the admission of testimony as to plaintiff's character should have been sustained.    It was equally inadmissible for the defendant to prove by the same wit-

ness what was the character of the company's agent. But the defendant alone complains, assigning as error that the evidence was irrelevant. From the very definition of the term, irrelevant testimony is ineffective. Ordinarily its admission is not cause for the grant of a new trial. *Marshall* v. *Morris*, 16 *Ga.* 373 (4); *Mayor of Gainesville* v. *Caldwell*, 81 *Ga.* 76 (6). And for it to produce such a result, it should appear to have had a prejudicial effect on the minds of the jury. If such is the case, good practice would make it proper, if indeed it is not necessary, to point out how that which is alleged to have been irrelevant has become so far relevant as to have affected the verdict. The propriety of such a showing is illustrated here, where from an inspection of the brief of evidence it appears the witness testified that he did not know the plaintiff intimately, did not know anything against ·him, and therefore supposed his character was good. In other words the witness did not progress beyond the point where the law leaves each witness who has not been attacked. No prejudice being alleged, and this being a second verdict, the error in allowing the question answered over the defendant's objection does not demand a reversal. Civil Code, §§ 5159, 5158.

The policy required the assured to furnish written notice of the injury and duration of the disability, within thirteen months from the accident; otherwise all claims thereon were forfeited to the company. Within the time stipulated plaintiff made out his proof of loss, claiming damages for a disability of eight weeks. No amendment or additional claim or proof of loss was subsequently filed within the thirteen months. He sued, however, for ten weeks disability, and recovered a verdict therefor. Contracts of insurance do not stand upon the same footing as those made by common carriers, in which limitations in a bill of lading are disregarded unless expressly assented to by both parties. Civil Code, § 2276. There is no standard policy fixed by statute, and no room for implication as to what the agreement was or ought to have been. The rights of the parties must therefore be governed by the terms of the contract. Under that sued on here, the filing of the claim and the statement of the duration of the disability within the time limited by the policy was a condition precedent to plaintiff's right to recover. By the terms of the policy, and according to decisions construing similar provisions in other

policies, the verdict can not exceed the amount claimed in the proofs of loss. There are some cases which hold that more than one proof and claim can be filed within the time limit. Bickford v. Travelers Ins. Co., 32 Atl. Rep. 232; but under the terms of the policy there can not be a verdict for a sum exceeding that named in the written proof required by the contract. The excess can be written off.

The case was tried in accordance with the ruling made when it was here before, as reported in 116 *Ga.* 121. The evidence was conflicting, but sufficient to sustain a verdict for the plaintiff for eight weeks loss of time at $100 a week, the accident having occurred on a railroad train, and he being entitled to double indemnity. None of the assignments of error present grounds sufficient to require the grant of a new trial.

*Judgment affirmed, with direction. All the Justices concur, except Simmons, C. J., absent.*