GREAT ATLANTIC & PACIFIC TEA CO. *v.* COMPTON.

(Division B.  Jan. 2, 1933.  Suggestion of Error Overruled Jan. 30, 1933.)

[145 So. 105.  No. 30314.]

Engle & Laub, of Natchez, for appellant.

554

Whittington & Brown, of Natchez, for appellee.

Argued orally by **Charles F. Engle**, for appellant, and by **J. E. Brown**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action in the circuit court of Adams county against appellant to recover damages in the sum of two thousand, nine hundred, ninety dollars for an alleged injury to her person and character, charged to have been caused by a servant of appellant. The declaration averred that appellant's servant wrongfully charged appellee with theft and committed an assault and battery upon her. There was a trial resulting in a verdict and judgment for appellee in the sum of one thousand, two hundred fifty dollars. From that judgment appellant prosecutes this appeal.

Appellant was refused a directed verdict. It assigns and argues that action of the court as error. We are of opinion that appellant was entitled to a directed verdict upon the ground that whatever wrong was done appellee by Mrs. Beckton, who was temporarily in charge of appellant's store in Natchez, was not the wrong of appellant, but of Mrs. Beckton alone for which appellant was not responsible.

Appellant is a corporation engaged in the retail grocery business. It has a chain store system consisting of several thousand stores scattered over the United States. It operates one of these stores in the city of Natchez. John Coon was appellant's division superintendent in charge of its stores in Mississippi and Louisiana, with headquarters at New Orleans. Clarence Beckton and his wife lived in the city of Natchez, and

at the time of the alleged injuries Clarence Beckton was the manager of this store. On Saturday, the 17th of January, 1931, the appellee went in the Natchez store to make some purchases. She found the wife of Clarence Beckton, the manager, in charge of the store. Appellant's stores are "cash and carry" stores. Appellee went the rounds in the store and came out with some packages. An altercation arose between Mrs. Beckton and appellee in reference to one package in the latter's possession. Appellee claimed that Mrs. Beckton at least by insinuation, charged her with stealing the package from the store, and that during the altercation Mrs. Beckton committed an assault and battery upon her.

The view we take renders it unnecessary to decide whether the language used by Mrs. Beckton was slanderous or whether she committed an assault and battery upon appellee. For the purposes of this decision it will be conceded that she did both. Appellant was not responsible for Mrs. Beckton's acts while she was assuming to manage the store, because under the undisputed evidence she was not the agent of appellant. We reach this conclusion from the following facts about which there was no controversy: Clarence Beckton was the sole manager of appellant's store in Natchez. Under his contract of employment with appellant he had no right, under any circumstances, to substitute another person in his place as manager. It was his duty in case of inability to manage the business to at once notify Coon, the division superintendent at New Orleans. On receiving such notice, the superintendent alone had authority, and it was his duty, to at once substitute a manager in the place of Beckton. Becton became ill on Tuesday, January 13, 1931, and was unable to manage appellant's store for the balance of the week. He was carried to a hospital in Natchez where he remained several days. His wife proposed to take charge of the store and manage it

during his illness and disability. Beckton consented to this. His wife thereupon took charge of the store on Wednesday morning, the 14th of January, and was in charge from that time up to and including Saturday, the 17th, the day appellee claims she was assaulted and slandered by Mrs. Beckton. Coon, the division superintendent, was not notified of Beckton's illness, and that his wife was managing the store during his disability. The superintendent did not learn of this, nor of the alleged slander and assault and battery, until this suit was brought. Mrs. Beckton received no compensation from appellant for her services, but her husband's compensation continued as if he had been managing the store himself during the period his wife was managing it.

The rule is, and we think it governs in this case, that where there is neither express nor implied authority given a servant to employ another as a substitute to perform his work, and there is no subsequent ratification by the master of such substitution, the relation of master and servant between the employer and the one so employed by his servant does not exist, and the master is not liable for the negligent acts of such a substitute. Under the doctrine of respondeat superior the master, however careful in the selection of his servants, is responsible to strangers for their negligence committed in the scope of their employment, but he has the exclusive right to determine who his servants shall be. The Supreme Court of Minnesota in discussing this question in Haluptzok v. Great Northern Ry. Co., 55 Minn. 446, 448, 57 N. W. 144, 145, 26 L. R. A. 739, used this language: "We think, in every well-considered case where a person has been held liable, under the doctrine referred to (respondeat superior), for the negligence of another, that other was engaged in his service either by the defendant personally, or by others by his authority, express or implied." 39 C. J., section 1459, p. 1272, and authorities collated in the notes.

Under the facts of this case there was no place for the emergency doctrine, if there be such doctrine, namely, that the illness of appellant's manager created an emergency which appellant should have expected to occur more or less frequently in the course of his employment, and that he might consequently be regarded as having been invested with an implied authority to substitute a manager in his place. If Beckton's sudden illness created an emergency, such emergency had long since passed when appellee claims to have received her injuries. Beckton's wife had been in charge of the store for four days. Superintendent Coon testified that his office in New Orleans was within a few hours of Natchez. If he had been immediately notified by Beckton when the latter was taken to the hospital, there might have been some reason for the application of the doctrine, conceding that there is such a principle of law.

It is argued that appellant ratified the action of its manager in substituting his wife in his place, but there is no evidence to sustain this view. As above stated, neither the superintendent nor any other person having authority over the matter knew of what had occurred until this suit was brought. We conclude, therefore, that Mrs. Beckton was not appellant's agent, either express or implied, and that therefore appellant is not responsible for her acts.

Reversed and judgment here for appellant.