23771. McGHEE *v.* KINGMAN & EVERETT INCORPORATED.

JENKINS, P. J. 1. "Where an immediate act is done by the co-operation or the joint act of two or more persons, they are all trespassers, and may be sued jointly or severally, and any one of them is liable for the injury done by all. To render one man liable, in trespass, for the acts of others, it must appear either that they acted in concert, or that the

act of the party sought to be charged ordinarily and naturally produced the acts of the others." *Brooks* v. *Ashburn,* 9 *Ga.* 297 (3); *Massachusetts Cotton Mills* v. *Hawkins,* 164 *Ga.* 594, 599 (139 S. E. 52). "This action may be maintained not only against the party who did the act, but against all who direct or assist in the commission of it. . . Thus, a party may be sued in trespass in respect of his previous consent, or request, that the trespass may be done." *Burns* v. *Horkan,* 126 *Ga.* 161 (3), 165 (54 S. E. 946); *Markham* v. *Brown,* 37 *Ga.* 277, 281 (92 Am. D. 73).

2. "In determining the liability of the master for the negligent or wilful acts of a servant, the test of liability is, not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." *Gomez* v. *Great Atlantic & Pacific Tea Co.,* 48 *Ga. App.* 398 (172 S. E. 750). "The agent's authority will be construed to include all necessary and usual means for effectually executing it." Civil Code (1910), § 3595. Thus, where a servant is employed to take and deliver goods of the master in the master's truck to customers in another city, and after their delivery to return the truck to the master's place of business, and while they are thus en route a blowout of a heavy tire occurs, rendering its repair or change to another tire necessary, the servant, in the absence of contrary instructions, is authorized to do all things essential to the conduct of such business for the master; and this includes the right, so far as reasonably necessary, to obtain the assistance of another in the furnishing of needful light for the work of changing the tire, when the blowout occurs at night.

3. Except in plain and palpable cases, it would be for the jury to decide whether such a servant was acting within the scope of and in furtherance of his employment in participating in an alleged tortious act of permitting the truck of a third person to be parked at night without rear lights, by the person driving it, in or near the highway back of the defendant master's truck, so that the headlights of the other truck would furnish illumination for the change of the defendant's rear tire, in which the blowout occurred.

4. In the instant suit of a husband for the homicide of his wife, caused by the collision at night of the automobile in which they were riding with the rear end of a truck of a third person, as indicated above, the plaintiff contends that the defendant master is liable, not only on the theory dealt with in the preceding divisions of the syllabus, that the driver of the defendant's truck and the driver of the other truck were engaged in the joint enterprise of changing the tire on the defendant's truck, but also on the theory that the defendant through its servant was in charge of both trucks at the time the injury occurred, for the reason that the jury were authorized to find, under the evidence, that the owner of the truck which was struck was not an independant contractor, but had merely lent his truck to the defendant through its servant as a matter of accommodation, and that this truck as well as its own was in the custody and under the control of the defendant through its servant at the time of the injury. This latter contention is not sustained by the evidence. While it is true that certain portions of the general

language in the testimony of the owner of the other truck as a witness for the plaintiff might be taken as somewhat vague and ambiguous on this point, the evidence seems to show indisputably that he was in fact engaged by the defendant's servant to take over the load of merchandise from the defendant's truck, carry it to Perry, and there deliver it to the defendant's customers, in accordance with bills that had been delivered to the driver of his truck prior to the collision, and that at the time of the collision the defendant's servant was engaged merely in putting on its own truck an extra old tire, which was strong enough to sustain the empty truck, in order that it might be carried back to Macon. Moreover, the evidence fails to indicate any authority from the defendant to its servant to borrow the other truck; and the theory of the defendant as to what the evidence conclusively shows was actually done with reference thereto coincides with the only authority given by the defendant to its servant.

5. While the court did not err in holding against the plaintiff's theory that the defendant through its servant was operating the other truck with which the plaintiff's car collided as well as its own truck at the time of the collision, it was error to withhold from the jury the questions of fact presented by the evidence, as to whether, in the change of the tire with the use of the front lights from the other truck, the defendant's servant was engaged, within the scope of his employment, in a common or joint enterprise with the driver of the other truck—be he the servant of either of the truck owners or a mere volunteer; whether the rear lights on the other truck were then absent; and if so, whether or not the absence of such lights constituted the proximate cause of the injury.

*Judgment reversed. Sutton, J., concurs. Stephens, J., dissents.*

DECIDED AUGUST 13, 1934.

*E. W. Maynard, John M. Hancock,* for plaintiff.
*Pope F. Brock, Harris, Russell, Popper & Weaver,* for defendant.