## ALABAMA GREAT SOUTHERN R. CO. et al. v. ALSUP.

### No. 8922.

Circuit Court of Appeals, Fifth Circuit.

Jan. 23, 1939.

A. S. Bozeman and Ben F. Cameron, both of Meridian, Miss., for appellants.

Howard Westbrook and Chas. B. Cameron, both of Meridian, Miss., for appellee.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, Roy Alsup, brought this suit against Alabama Great Southern Railroad Co. and Oscar Sims, one of that company's employees, to recover damages for personal injuries, incurred while a passenger. The case was tried to a jury and resulted in a verdict of $5,000, against both defendants, upon which judgment was entered.

Error is assigned to the refusal of a directed verdict for defendants and to portions of the charge of the court. These assignments may be considered together.

The case was submitted on conflicting evidence but there is enough testimony in the record, which, if believed by the jury, would tend to show the following facts.

On September 2, 1936, Alsup suffered an oblique fracture of the femur of his left leg, about midway between the knee

and hip. On September 3, he went to the Matty Hersee hospital at Meridian, Miss., where he was treated by Dr. Vise, who brought the bones into apposition and encased him in a plaster cast extending from his chest down to the toes of his left foot and to the knee of his right leg. He left the hospital on September 8th and went to his home near Birmingham, where he was looked after by his mother. Dr. Vise was of the opinion that the fracture had been properly reduced and would be held in position by the cast, which could be removed after about six weeks. Later in the month Alsup was required to go to Meridian to answer a criminal charge in the Federal Court. On September 20, 1936, he was a passenger on a train of the defendant railroad and was carried in the baggage car on a cot, with his mother in attendance. On arriving at Meridian he was met by his brother and a friend, who were on the platform. Appellant Sims was in charge of the baggage car. He either called or motioned to two other men who were on the platform to help him unload appellee. They came into the baggage car and under the direction of Sims appellee was placed on a baggage truck which had been brought alongside the car by either Mathews, who was in charge of the baggage at the station, or by a porter at his direction. Alsup was gotten out of the baggage car and put on the truck safely and then one of the men who had assisted in unloading him, to get out of the baggage car, placed one hand on Alsup's left foot, and using that as a brace, vaulted to the ground. Alsup immediately cried out, became very pale, and was somewhat nauseated. The truck was wheeled by his brother and his friend out through the station and he was transported by truck to the home of a friend. He suffered great pain for about 20 hours until a doctor could be procured who gave him a hypodermic of morphine to ease him. On October 8th, he was taken to Dr. Anderson's Infirmary in Meridian and remained there 21 days under the care of Dr. Anderson. Dr. Anderson found that the bones were separated and he was unable to bring them together again. Dr. Anderson put on a metal splint instead of a cast and Alsup went around on crutches until April 22, 1937, when he was taken to Rush Infirmary at Meridian. Dr. Rush treated his leg and put a steel plate on the fracture to bring it together. Dr. Rush testified that the force exerted on Alsup's leg would be sufficient to reopen the fracture. The two men who assisted in taking Alsup from the train were not identified as employees of the railroad. However, they wore overalls, gloves and caps. Two car inspectors who met and inspected all trains going into the station at Meridian at that depot customarily wore the same costume. It was customary to assist sick or injured passengers to alight from the train at Meridian. Sims had been running on that road for about five years and had previously assisted in unloading or helping sick or injured passengers.

The entire charge of the court is in the record. It fairly submitted the issues to the jury. The excerpts from the charge made the basis of assignments of error do not adequately reflect the charge on the law as a whole. In substance, the court charged that plaintiff was a passenger until he alighted from the train and had a reasonable time to get off the premises of the company; that it was the duty of the railroad to exercise a high degree of care for the safety of its passengers; that the railroad was not required to assist every passenger but if the circumstances were such that a high degree of care required assistance of a passenger who was ill it was the duty of the railroad to afford him such assistance, if it knew of his condition; that if the railroad had undertaken to perform the duty of assisting Alsup from the train and Sims caused the two men to assist him, if through the negligence of one of them Alsup was injured as a proximate result thereof, he was entitled to recover; that it was the province of the jury to determine from all the facts and circumstances of the case whether the railroad had performed its duty.

The testimony tending to show that Alsup's leg was rebroken as a result of the accident is somewhat weak but sufficient to support the hypothesis that it probably resulted therefrom. Aside from that the evidence leaves no doubt that the accident occurred while Alsup still had the status of a passenger and, as a result thereof, he suffered great pain. That of itself would support a verdict.

It is well settled that a railroad, while not an absolute insurer, owes the highest duty to provide for the safety of its passengers, including safe means of

leaving the train. The duty is not higher in respect to an ill or injured passenger whose condition is known to the railroad but the circumstances of the case may require the railroad, in the discharge of its duty, to render assistance to such passengers, not required by well persons. In such cases a question of fact is presented for determination by the jury. 10 Am. Jur., Carriers, §§ 1273, 1274, 1275; Chicago, B. & Q. R. Co. v. Schrimpf, 8 Cir., 236 F. 200; Yazoo & M. V. R. Co. v. Byrd, 89 Miss. 308, 42 So. 286; Hughes v. Gregory Bus Lines, Inc., 157 Miss. 374, 128 So. 96; Yazoo & M. V. R. Co. v. Hawkins, 163 Miss. 505, 140 So. 873.

■■ We find no error in the refusal of the court to direct a verdict for appellant Alabama Great Southern Railroad Co., nor in the charge to the jury. However, there is nothing in the record to show that Sims was guilty of negligence contributing to Alsup's injuries. The men who assisted him in removing Alsup from the baggage car must be considered as acting for the railroad and not as his personal servants. No doubt Sims was considered by the court and all parties to the suit as more or less a nominal party. Nevertheless, he was entitled to a directed verdict.

Other errors assigned are without merit and require no discussion. The judgment will be affirmed on the appeal of Alabama Great Southern Railroad and reversed as to Oscar Sims. The cause will be remanded for further proceedings only as to the liability of Sims.