**STAUFFER v. RAILWAY MAIL ASS'N.**

Civ. A. No. 26311.

District Court of the United States for the District of Columbia.

April 23, 1945.

John D. Sadler, of Washington, D. C., for plaintiff.

Francis C. Brooke (of Cromelin, Townsend, Camalier, & Kirkland), of Washington, D. C., for defendant.

PINE, Justice.

This is an action for money allegedly due under a "Beneficiary Department Certificate" issued by defendant to Frank J. Stauffer, now deceased, and naming plaintiff as beneficiary. The jury returned a verdict for plaintiff and judgment for plaintiff was entered thereon.

Defendant has moved to have the verdict and judgment herein set aside and to have judgment entered in accordance with its motion for a directed verdict, or in the alternative, for a new trial. This motion is made under Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The court, in considering a motion by defendant for a directed verdict, must construe the evidence most favorably to the plaintiff, and give the plaintiff the full effect of every legitimate inference therefrom. If, upon the evidence so construed, reasonable men might differ, the motion should be denied. On the other hand, if no reasonable man could reach a verdict in favor of plaintiff, the motion

834

should be granted.[1] This rule is applicable to actions ex contractu as well as actions ex delicto.[2] It is also applicable on a motion to set aside the verdict under Rule 50, Federal Rules of Civil Procedure.[3]

■ The certificate provides that if decedent "shall receive bodily injuries * * * through external, violent, and accidental means," he, or in case of his death from such injuries, the plaintiff, shall receive certain payments. The first question presented is whether there was sufficient evidence, for submission to the jury, that the death of decedent resulted from injuries through "accidental means." Applying the standard above set forth, and construing the evidence most favorably to the plaintiff, and giving her the full effect of every legitimate inference therefrom, I am of the opinion that the facts and circumstances surrounding the death of the insured, including the fact that he apparently tried unassisted to get out of bed, although incapable of so doing by reason of a prior hip fracture, the fact that he had been directed by his physician shortly prior thereto to remain in bed, keep quiet, and not move, and the fact that his wife was in the next room and could have been called by him if he had wished her assistance, are such that reasonable men might differ as to whether his injuries, namely, the tearing of the omentum and resultant hemorrhage and death, according to plaintiff's evidence, were received through "accidental means," that is to say, whether the means, and not the result, were his intentional and voluntary acts or were unintentional and involuntary and happened by chance or mishap. If the latter, they were accidental. For example, although there was no direct evidence on the point, I believe a reasonable man might legitimately infer from the peculiar facts and circumstances of this case that decedent's acts were either spasmodic or delirious; and defendant apparently concedes in such event that the requirements of the certificate would be satisfied. This conclusion, by reason of such facts, is not in conflict with Prudential Insurance Co. v. Beckwith, 67 App.D.C. 209, 91 F.2d 240, in which the court denied recovery where the insured, while carrying a bath tub in the performance of his work as a plumber, suffered a heart attack from which he died. In that case there was no doubt decedent's act was voluntary and not accidental. I am also of the view that a reasonable man might conclude that the means, not the injury, were external and violent on the basis of the evidence, including that of the physicians, concerning his attempt to leave the bed.

■ The certificate also excepts defendant from liability unless death shall directly result from accidental means "independently and exclusively of any other causes," and further provides that there shall be "no liability whatever when disease, defect, or bodily infirmity is a contributing cause of death." The second question presented is whether there was sufficient evidence for submission to the jury of the issues raised by these provisions. It is true that the insured, at the time of his death, was suffering from disease and bodily infirmity and there was evidence that they caused his death or contributed thereto, but there was also evidence from which reasonable men might conclude that his physical acts, including the strain and exertion, in an apparent attempt to get out of bed, were the active, efficient, procuring cause of his death. While his physical condition made him more susceptible than others to injuries, recovery is not to be denied because of infirmity or disease when the accident was the efficient cause of the death. Patterson v. Ocean Accident & Guarantee Corporation, 25 App.D.C. 46. The case last mentioned was not overruled by Prudential Insurance Co. v. Beckwith, supra, as defendant suggests. The principle of law for which it is cited as authority has not been questioned. The concurring opinion in the Beckwith case which states that the Patterson case was "wrongly decided," concerns an entirely different point, namely, that the means and not the result must be accidental. This has been hereinabove discussed.

---

[1] Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.
  Shewmaker v. Capital Transit Co., App.D.C., 143 F.2d 142.
  Jackson v. Capital Transit Co., 69 App. D.C. 147, 148, 99 F.2d 380.
  Boaze v. Windridge & Handy, 70 App. D.C. 24, 102 F.2d 628.

[2] United States v. Ingalls, 72 App.D.C. 283, 114 F.2d 839, 840.
  Karlson v. United States, 8 Cir., 82 F.2d 330, 336.

[3] Shewmaker v. Capital Transit Co., App.D.C., 143 F.2d 142.

The grounds in support of the motion for a new trial are the same as those for the motion to have the verdict set aside. Because of the views herein expressed, both motions are denied.

Counsel will submit, on notice, appropriate order.