**COLGATE–PALMOLIVE COMPANY**

v.

**Frances P. TULLOS.**

**No. 15239.**

United States Court of Appeals,
Fifth Circuit.

March 2, 1955.

C. Baxter Jones, Jr., Atlanta, Ga., Sutherland, Asbill & Brennan, Atlanta, Ga., of counsel, for appellant.

John L. Westmoreland and John L. Westmoreland, Jr., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment against the Colgate-Palmolive Company, Inc., in favor of the appellee, Mrs. Frances P. Tullos, for damages suffered by her by reason of the publication, on July 27, 1953, of her likeness in a certain advertisement that appeared in the Atlanta Journal, a newspaper with a circulation of approximately 250,000 copies daily. The advertisement included a picture of "Lustre-Color Home Hair Coloring," various matter describing it, a form for ordering it, and a reproduction of a photograph of appellee, above the following language: "Miss Elgie Sprague, Lustre-Color authority from New York,will be in Rich's Drug Department, street floor, Tuesday, July 28, through Saturday, August 1, to advise you on your correct Lustre-Color shade."

**618**

The case was tried on the complaint, answer, and a pre-trial order which adjudicated a number of undisputed facts, but held it to be a question for the jury whether the use of the name "Miss Elgie Sprague" near the likeness of plaintiff in said advertisement was a representation that the two were the same person; if so, it was a misrepresentation. The defendant did not put any witness on the stand, and did not cross-examine either of the two witnesses introduced by the plaintiff. After defendant's motion for a directed verdict was overruled by the court below, the jury returned a verdict for the plaintiff in the sum of $1,200, and judgment was entered accordingly.

The employment relationship between the plaintiff and defendant was expressly terminable at will by either party without prior notice; and by pre-trial order any damages resulting to the plaintiff from her discharge by defendant were eliminated as an issue, and proof of damages was restricted to such legal injury as resulted to her from the unauthorized use of her photograph by the defendant or an agent of defendant acting within the scope of his authority.

This appeal involves no question of the nature or amount of damages; it involves the sole question of the sufficiency of substantial evidence to support a finding of liability against the appellant, that is, to support the verdict of the jury. In overruling the motion for a directed verdict, the court below said that the enterprise in question was for the joint benefit of appellant and Rich's; that both were trying to sell this product and both were interested in the sale of it; that the advertisement in question was put in the paper by Rich's, but it was done for the benefit of both of them, and appellant participated to the extent of furnishing the photograph to Rich's for that purpose. So the court thought that there was sufficient evidence, "whether you want to call it agency or not," to show appellant's participation in running the advertisement. "The fly in the ointment," so to speak said the court, was that plaintiff was discharged, not by Rich's but by Colgate, at such a late date that the picture could not be taken out of the advertisement; and the court went right to the legal point in the case in holding that the unauthorized use of the plaintiff's portrait for commercial purposes rendered the appellant liable for general damages without proof of special damages.

■ We think that the trial court ruled correctly under the law of Georgia, which governs in the determination of this case. The appellant had the appellee's consent to use the latter's picture in connection with her employment, not to use it in connection with the name of another, nor in a manner to support an inference that appellee was using another's name. The evidence shows that appellee had been doing this character of work for ten years, and was always represented by her right name under her own picture. Having advertised cosmetics for years, and called on the people of Atlanta, they knew her face and knew that she was not Elgie Sprague. This caused appellee embarrassment, and had a prejudicial effect in her obtaining reemployment. Her face and name had been in the papers all over the country, and the people knew her in the cosmetics stores in Atlanta. At least that is the undisputed evidence.

■ The contractual right to discharge an employee without notice must be exercised in a legal way and without violating personal rights enjoyed by every individual. When appellant terminated appellee's employment, it thereby terminated its right to use her picture in a commercial advertisement. If a contractual right cannot be exercised without committing a tort, then the contractee should stay his hand or answer in damages for his tortious act. Appellant acted with negligent haste in changing the advertisement, which warranted an inference of malice toward the appellee or wanton disregard of her rights; find-

ings to this effect are implicit in the verdict and supported by the evidence.

In Pavesich v. New England Life Insurance Company, 122 Ga. 190, at page 217, 50 S.E. 68, at page 79, 69 L.R.A. 101, the Georgia Supreme Court said: "The form and features of the plaintiff are his own. The defendant insurance company and its agent had no more authority to display them in public for the purpose of advertising the business in which they were engaged than they would have had to compel the plaintiff to place himself upon exhibition for this purpose." In the same opinion in 122 Ga. at page 197, 50 S.E. 68, we are told that the right of privacy within certain limits is derived from natural law, recognized by the principles of municipal law, and guaranteed to persons within the State of Georgia by the constitutions of the United States and the State of Georgia. Const.U.S. Amend. 14; Const.Ga. art. 1, § 1, par. 3. Finally, the appellee did not waive her right to determine for herself when her picture should be displayed after the termination of her employment. Having dispensed with the appellee's services, the appellant had no more right to exhibit her picture for commercial purposes than it did to require her to appear in person. See also McDaniel v. Atlanta Coca Cola Bottling Company, 60 Ga.App. 92, 2 S.E.2d 810; Donahue v. Warner Brothers Pictures, Inc., 10 Cir., 194 F.2d 6; Larkins v. Boyd, 205 Ga. 69, 72, 52 S.E.2d 307; McGhee v. Kingman & Everett, Inc., 49 Ga.App. 767, 176 S.E. 55; Clement A. Evans & Co., Inc., v. Waggoner, 197 Ga. 857, 30 S.E.2d 915; Dickerson v. American Sugar Refining Co., Inc., 3 Cir., 211 F.2d 200; Simmonds v. Capital Transit Company, 79 U.S.App.D.C. 371, 147 F.2d 570; Stauffer v. Railway Mail Association, D.C., 59 F.Supp. 833; Title 105, Section 2006, Code of Georgia.

Affirmed.