## 44707. BRYANT v. RUSHING.

PANNELL, Judge. Robert C. Bryant brought a complaint against the defendant Danny Earl Rushing seeking recovery of damages in the amount of $25,000 for an injury received as a result of the defendant's alleged negligence. The defendant answered denying the material allegations of the complaint and for his "third defense" alleged: "1. Defendant shows that the plaintiff has settled and released the defendant from any and all claims which the plaintiff may have had against the defendant. 2. Defendant shows that on March 20, 1968, the plaintiff accepted from American Mutual Fire Insurance Company, on behalf of the defendant, payment in the amount of $500, by accepting a draft with release contained thereon in said amount, and that plaintiff accepted said amount and executed said draft. Copy of said draft with release thereon is attached hereto marked 'Exhibit A' and made a part of this amendment by reference thereto." The draft attached showed on its face that it was for the sum of $500 "in full settlement, release and discharge of any and all claims arising from loss or damage or debt shown below." The date of loss was shown as "5-25-68." The insured was shown as "Danny Earl Rushing" and the "Type of Claim" as "Medical-Final." On the back of the draft and printed thereon above the signature of Robert C. Bryant is the following: "The endorsement of this draft constitutes a complete release and receipt in full settlement of all claims, both for known and unknown injuries and damages to both person and property *as set forth on the reverse hereof.*"

The plaintiff moved to strike this "third defense" on the following grounds: "(a) The exhibit shows on its face that the said payment was for medical expense under the home owner's policy issued by American Mutual Fire Insurance Company, who insured the defendant's home and premises. (b) Said

medical under the provisions of the policy is to be paid whether or not there is legal liability or injury; (c) Both the plaintiff and defendant have testified by deposition that the five hundred ($500) dollars as shown by the draft was for payment of medical bills for the loss of a finger and treatment thereof including hospitalization; (d) Plaintiff is proceeding on the coverage for personal liability in which he must prove that the defendant is legally liable."

The defendant filed its motion for summary judgment relying upon the pleadings and depositions of the parties. The plaintiff amended its petition, bringing it against both Rushing and the insurance company and alleging in Count 1 that the American Mutual Fire Insurance Company acting for, and in behalf of, and with the knowledge of Rushing, through trick, deception and device perpetrated a fraud upon the plaintiff in getting him to accept the $500 in medical expenses under the home owner's policy by representing to him that this payment and the signing of a receipt (separate from the draft) would in no way affect or prejudice his right of action against Rushing and alleging injury and damage because of the negligence of Rushing. In Count 2 (added by the amendment) it was alleged that the representations made by the insurance company for, and in behalf of, and with the knowledge of Rushing to the effect that the payment and receipt of the $500 would in no way terminate or prejudice any right of action to be brought against Danny Earl Rushing was an intentional misrepresentation of the true state of facts and thus enticed petitioner to sign a receipt for said sum knowing that said receipt and said draft would be used to plead an accord and satisfaction in any future action brought thereon, and that the plaintiff was unaware that this could be done, that he relied upon said representations in making settlement of the medical claim, that he was inexperienced and unfamiliar with insurance claims laws and the meaning contained in the receipt signed by him and on the back of the draft signed by him. In Count 2, he sought damages because of prejudice to his action in the first count because of the alleged fraudulent conduct in the sum of $25,000 general damages and $100,000 plus reasonable attorney's fees and court costs as exemplary and punitive damages because of the alleged fraud.

The receipt referred to and dated the same day as the draft

acknowledged payment of $500 and released the insurance company from all liability under medical coverage of the policy. It does not appear that the insurance company was ever made a party to the case. Upon a hearing had, the trial judge after "hearing evidence" overruled the plaintiff's motion to strike the defendant's third defense and sustained the defendant's motion for summary judgment. The defendant denied any knowledge of the acts of the insurance company as to any representations made to the plaintiff when the settlement evidenced by the draft and receipt was made. There was no counterproof by the plaintiff. *Held:*

1. The court having considered evidence on the motion to strike, the motion to strike was converted into a motion for summary judgment and the denial of the motion to strike was in effect a denial of the motion for summary judgment by the plaintiff as to the third defense. Section 12 (b) (6) of the Civil Practice Act (Ga. L. 1966, pp. 609, 622; *Code Ann.* § 81A-112).

While a ruling on a specific legal point or a specific ruling on what factual issues there may be in the case upon the denial of a motion for summary judgment may be the law of the case, yet when only a general denial of the motion is made and no finding as to what the issues are is made and there is no specific legal point ruled upon, no law of the case is established thereby. See in this connection Hartmann v. American News Company, 171 F2d 581 (12 FR. Serv. 56d.2, case) 1, certiorari denied, 337 U. S. 907 (69 SC 1049, 93 LE 1719); Fraser v. Doing, 130 F2d 617 (6 FR. Serv. 60d.51). Accordingly, it can not be said that the overruling of the motion to strike the third defense, which was converted into a motion for summary judgment by evidence presented was predicated upon a ruling that the draft attached to the third defense was, on its face, a settlement of the plaintiff's claim against the defendant.

2. Construing the draft (attached to the third defense) in connection with the receipt introduced into evidence, which together constitute the contract between the plaintiff and the insurance company, it is our opinion that the draft does not purport to be in settlement of anything other than the medical claims of the plaintiff against the insurance company as a third-party beneficiary under the policy and was not in settlement of any part of any cause of action against the insured

tortfeasor. Accordingly, the endorsement of the draft and the acceptance of the $500 by the plaintiff does not constitute a bar or defense against an assertion of the claim by the plaintiff here, nor must any credit be given therefor in the event of a recovery by the plaintiff as no damages are being sought because of hospital, doctor, and other medical services.

3. The defendant was attempting to pull a tree stump with a tractor and chain into a trailer on the premises of the defendant. The trailer was between the tractor and the stump, but not attached to the tractor, and was tilted to the ground in the direction of the stump. A chain was tied to the stump, went over the rim of the trailer next to the tractor and then downward to the tractor. The plaintiff and a friend of the plaintiff, the latter having had experience in these matters, saw the situation, walked over to the defendant's premises and the two of them proceeded to tie the chain around the stump rather than to a root on the stump, and "scotched" the trailer by placing pieces of wood under the wheels. The defendant then operated the tractor pulling the chain tight across the rim of the trailer and the trailer was in the process of jumping the scotch and the plaintiff called to the defendant to stop, which the defendant did, however, keeping the chain taut. The plaintiff, with knowledge that the chain was still taut, walked up and with his back to the tractor and facing the wheel of the trailer, placed his hands on the rim of the trailer and began kicking the scotch back under the wheel when the chain whipped across the rim and cut off two of his fingers. The defendant testified unequivocally that after stopping the tractor, he did not thereafter operate it forward or move it in any way. The only evidence that the defendant did anything further to cause the chain to slip was the answer of the plaintiff to the question of whether he knew what caused the chain to slip across the edge of the trailer. His answer was: "There wasn't but one thing that could cause it, the chain come across the top. The chain was tight when I went up there and the only thing to cause it to slide across the top was for him [the defendant] to pull on the tractor." "A witness may give his belief or opinion when it is in connection with, and a mental deduction from, the facts which come within his knowledge and to which he has deposed." *Bryan v. Walton,* 20 Ga. 480 (3). See also *Macon & Western Oil Co. v. Johnson,* 38 Ga. 409 (5). While

the opinion testimony of a witness as to an ultimate fact to be determined by a jury may not ordinarily be received in evidence and has no probative value (*Travelers Ins. Co. v. Thornton,* 119 Ga. 455 (1, 2) (46 SE 678)), that is not the situation here. The ultimate fact to be determined by the jury here is not what caused the chain to slip, but, on the contrary, whether, if the defendant's act caused the chain to slip, such act constituted negligence proximately causing the injury to the plaintiff. There is a conflict in the evidence as to whether the defendant pulling the tractor forward caused the chain to slip or whether it was caused by the plaintiff kicking the chocks. It follows, therefore, that the trial court erred in granting the motion for summary judgment in favor of the defendant.

*Judgment reversed. Quillian and Evans, JJ., concur.*

ARGUED SEPTEMBER 11, 1969—DECIDED FEBRUARY 25, 1970—REHEARING DENIED MARCH 18, 1970—

*Cullen M. Ward, Frank M. Eldridge,* for appellant.
*Harvey, Rhodes & Willard, E. C. Harvey, Jr.,* for appellee.

ON MOTION FOR REHEARING.

The defendant contends that the plaintiff was a mere volunteer and therefore the defendant's only duty was not to wilfully and wantonly injure him. While it is true the plaintiff did volunteer his assistance, the evidence shows that the defendant accepted the plaintiff's help which action constituted an implied invitation. "An implied invitation is one whch is held to be extended by reason of the owner doing something or permitting something to be done which fairly indicates to the person entering that his entry and use of the property is consistent with the interests and purposes of the owner." *Coffer v. Bradshaw,* 46 Ga. App. 143, 148 (167 SE 119); *Anderson v. Cooper,* 214 Ga. 164, 168 (104 SE2d 90); *Handiboe v. McCarthy,* 114 Ga. App. 541 (151 SE2d 905).

*Motion denied.*