IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60533
Conference Calendar

_____

FREDDIE C. JOHNSON, SR.,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:98-CV-159-B-A
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Freddie C. Johnson, Sr., appeals from the dismissal of his suit arising under the Federal Tort Claims Act.  See 28 U.S.C. §§ 2671 - 2680.

He does not challenge the basis of the court's dismissal, want of subject matter jurisdiction due to Johnson's failure to present his tort claim to the relevant federal agency.  Instead he challenges the U.S. Attorney's certification by arguing that the acts by the government attorney were not done within the scope of her employment, and therefore, the suit was improperly removed to federal court.  See § 2679(b)(1), (d)(2).  From our

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

independent review of the record and the applicable state law governing the scope-of-employment determination, we conclude that the alleged acts by the attorney were done within the scope of her employment.  Johnson fails to demonstrate error in the Government's certification.  See Palmer v. Flaggman, 93 F.3d 196, 199 (5th Cir. 1996); Marter v. Scott, 514 So. 2d 1240, 1242 (Miss. 1987).

Johnson also argues that the district court erred in quashing his subpoenas.  Because Johnson failed to appeal properly to the district court from the magistrate judge's order quashing the subpoenas for Jeffrey Nesvet and for Kathleen Henderson, his argument directed toward those subpoenas is not properly before this court.  See Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).  As for the district court's affirmance of the magistrate judge's order quashing the subpoenas issued for Cynthia Brown and for Jaylynn Fortney, we find no abuse of discretion in the district court's ruling.  See Tiberi v. Cigna Ins. Co., 40 F.3d 110, 112 (5th Cir. 1994).

This appeal is without arguable merit and is thus frivolous.  It is therefore DISMISSED.  See 5TH CIR. R. 42.2.  Johnson is warned that any additional frivolous appeals filed by him or on his behalf will invite sanctions by this court.

DISMISSED AS FRIVOLOUS.  SANCTION WARNING ISSUED.