JOHNSON *v.* AMERICAN FREEHOLD LAND MORTGAGE COMPANY OF LONDON LIMITED.

1. An agent who has authority only to receive proposals to purchase the property of his principal and submit the same to the latter for acceptance or rejection can not make an absolute contract of sale which will be binding upon the principal.

2. When, in an action against a corporation for the breach of an alleged contract for the sale of land, the petition described the person with whom the plaintiff dealt in making the contract as "the agent of said defendant company, empowered by said defendant company to negotiate with this complainant the sale of" the land, the words quoted, whatever might be their true intent and meaning when standing alone, must be construed in connection with all the allegations of the petition.

3. Thus construing these words in the petition now under review, the agent therein referred to was not authorized to make for the defendant a binding contract of sale, but only to receive and submit to the company offers for the purchase of the land in controversy. This being so, and the plaintiff not being entitled to recover save on the theory that the agent had power to sell, the demurrer to the petition was properly sustained.

Argued February 8, — Decided July 10, 1900.

Action on contract. Before Judge Eve. City court of Richmond county. August 7, 1899.

*J. S. & W. T. Davidson* and *F. W. Capers*, for plaintiff.
*Joseph R. Lamar*, for defendant.

LITTLE, J. This was an action by Jesse Johnson against the American Freehold Land Mortgage Company of London Limited, for the breach of an alleged contract for the sale of land. On demurrer the action was dismissed, and Johnson excepted. The petition was, in brief, as follows: The plaintiff submitted to the defendant an offer for the purchase of a tract of land in Richmond county, known as the "McLaughlin place," at the price of one thousand dollars. In reply to this offer one W. M. Fulcher, "the agent of said defendant company, empowered by said defendant company to negotiate with this complainant the sale of said McLaughlin place," addressed to the plaintiff a letter containing the following words: "I inclose you a letter from my people, in which they make you a proposition to sell the land." Accompanying this letter was another, at the top of which was written the word "McLaughlin." This letter was addressed to Fulcher, and signed by Cuyler, Morgan & Co., in which the following language was employed: "Replying to your favor, . . submitting offer of $1,000 for this place, without interest, we beg to state that we would prefer to put offer in somewhat different shape. We will sell the place for $850, with 6% interest, payments apportioned as follows:" Then followed a list of figures specifying the terms of payment. On

receipt of the letter from Fulcher with the above-mentioned inclosure, Johnson addressed a letter to Fulcher, accepting the offer. Thereupon Fulcher wrote him another letter, stating that he had notified the owner of the place that Johnson would accept the same "on conditions that it was offered" to him. Subsequently Fulcher again wrote to Johnson, informing him that the papers were ready for his signature, and asking him to come and execute the same. Still later Fulcher informed Johnson "that he was in receipt of instructions from the defendant to declare the trade off." It will have been observed that the petition did not distinctly and unequivocally allege that Fulcher had power from the defendant company to make a sale of the land. He was described as an agent empowered to "negotiate" with the plaintiff for a sale thereof.

Even if the words employed in describing this agent could, if taken alone, be construed to mean that he was clothed with an absolute power of sale, it is, of course, proper, for the purpose of ascertaining what they did really mean in the present case, to look to all the allegations of the petition. Pursuing this course, we have reached the conclusion that the petition, taken as a whole, does not sufficiently allege that Fulcher had power to sell. Presumably the original offer of one thousand dollars by Johnson was made to Fulcher. He did not accept it, but evidently submitted it to Cuyler, Morgan & Co., whoever they were. If his power to sell had been absolute, he could have accepted Johnson's offer without consulting any other person. Again, when he inclosed to Johnson the letter to himself from Cuyler, Morgan & Co., which itself embraced instructions authorizing Fulcher to submit a proposition to Johnson, he distinctly stated that this was a letter from his people, in which they made to Johnson an offer to sell. On receipt of Johnson's reply accepting this offer, Fulcher did not at once confirm the trade, but again communicated with some other person or persons from whom he received papers for Johnson's signature. Viewing all these matters together, we think it clear that Fulcher's authority was limited to receiving proposals and submitting them to the owner for acceptance or rejection. He therefore had no power to make a contract of sale, binding upon the defendant company, and there is nothing in the petition

amounting to an allegation that the company itself either contracted with Johnson for the sale of the land, or authorized any other person to make for it the alleged contract for the breach of which Johnson's action is brought. Certainly the petition does not aver that Cuyler, Morgan & Co. were the agents of the defendant, or had power to bind it. Limiting Fulcher's agency as above indicated, the petition, in its last analysis, amounts simply to this: Cuyler, Morgan & Co. authorized Fulcher to submit to Johnson an offer for the sale of the land, and Johnson accepted this offer. In the absence of an allegation that Cuyler, Morgan & Co. had from the defendant authority to do what they did, the petition is lacking in an indispensable averment, and fails to set forth, even in substance, a good cause of action. The demurrer made another point, with which we have not dealt, because in our judgment the case properly went out of court for the reasons above stated.

*Judgment affirmed. All the Justices concurring.*