24934. BEARD *v.* OLIVER.

DECIDED DECEMBER 9, 1935.

*H. H. Merry, J. F. Kemp,* for plaintiff.
*Alexander & Jones,* for defendant.

SUTTON, J. Beard instituted suit against Oliver, for damages alleged to have been caused by the negligence of Jinright in the operation of an automobile belonging to Oliver, while in and about and within the scope of the business of the defendant. It is alleged that Jinright was sent by the defendant to other States to purchase live stock for sale in the defendant's business, under an agreement between the defendant and Jinright, whereby Jinright was to purchase such live stock with defendant's money and receive as compensation one half of the profits arising from its resale;

that the defendant agreed to furnish the automobile for making the trip to buy the live stock, that on April 3, 1934, Jinright was traveling in said automobile in Alabama; that plaintiff was riding with Jinright as a "cordially" invited guest, that Jinright was driving the car at a speed of about fifty miles an hour, when suddenly as he arrived at the crest of a hill there appeared a short distance in front of him a motor truck coming towards them; that the plaintiff warned Jinright about such fast and reckless driving, but he apparently paid no attention to the protest; that when the truck came into view, Jinright suddenly jerked the defendant's automobile to the right as if to avoid colliding therewith, and in so doing jerked the car off the paved portion of the highway and lost control, and in a short distance ran off the pavement into a tree, wrecking the automobile, killing himself, and severely injuring the plaintiff; that the plaintiff has not been able to ascertain the name of the driver of the truck; that the collision was without fault or negligence on the plaintiff's part; that he exercised due care and diligence to prevent it; that the wreck was caused by the careless and negligent driving by Jinright, that the negligence consisted (a) in driving the automobile 50 miles an hour on a public highway in violation of the laws of Alabama, providing that automobiles can not be driven over 45 miles an hour over the public highways of that State; (b) in driving over the crest of a steep hill at a speed which made it impossible for him to see an approaching automobile in sufficient time to check and control the speed of his car; (c) in violently jerking the automobile to the right and partly off of the pavement, so that its right wheels were upon rough and uneven ground; (d) in failing to check the speed as he approached and reached the crest of the hill, so as to have the car under control as he started down the hill; and (e) in failing and refusing to observe the plaintiff's warning and protest against fast and reckless driving. The action was dismissed on general demurrer, and the plaintiff excepted.

1. "A contract stipulating that one of the parties thereto shall receive as compensation for certain services a half of the profits of the business to be conducted, and shall not provide any of the assets nor be bound for any of the losses, is not a contract of partnership." *Falk* v. *LaGrange Cigar Co.,* 15 *Ga. App.* 564 (84 S. E. 93). Where the parties are to share the profits only, the

losses, if any, to fall on one of them, and the other contributes nothing more than his personal services, the contract does not create a partnership. *Sauls* v. *Scott*, 46 *Ga. App.* 244 (167 S. E. 311). It follows that the relationship between the parties in this case was not that of partners, but the contract was one whereby the defendant was to perform services in consideration of one half of the profits.

2. "A truck-driver employed by the owner of the truck to deliver goods acts outside the scope of his employment when he, for his own pleasure and without the knowledge of his employer, invites another to ride on the truck; and the employer is not liable to the driver's guest for injury caused by the negligence of the driver." *Morris* v. *Fruit Co.*, 32 *Ga. App.* 788 (124 S. E. 807). See also *Braselton* v. *Brazell*, 49 *Ga. App.* 269 (175 S. E. 254); *Greeson* v. *Bailey*, 167 *Ga.* 638 (146 S. E. 490); *Tate* v. *Atlantic Ice & Coal Cor.*, 25 *Ga. App.* 797 (104 S. E. 913); *Waller* v. *Southern Ice & Coal Co.*, 144 *Ga.* 695 (87 S. E. 888). Therefore, assuming in this case that the driver of the automobile was the agent, servant, or employee of the defendant, and where he was driving the automobile in and about the defendant's business and in performance of the services for which he was hired or which he contracted to perform for his principal or master, and while so driving he invited a third person to ride with him as a guest, and thereupon the third person was injured by reason of the negligence of the driver, no right of action arose in favor of such third person against the owner of the automobile for the tort committed by the driver as his agent, servant, or employee. The principle laid down in *Gallagher* v. *Gunn*, 16 *Ga. App.* 600 (85 S. E. 930), that when the plaintiff's evidence showed that the defendant was the owner of the automobile that injured him, and that the driver was his agent or servant, the presumption arose that the servant was engaged in the master's business and within the scope of his employment, and the burden was then upon the defendant to show that the machine was not his, or that the driver was not his servant, or that at the time of the injury the servant was not engaged in the prosecution of the defendant's business, is not applicable to this case. On general demurrer, allegations in a petition are construed most strongly against the pleader, and it was specifically alleged in the peti-

tion here that the plaintiff was the invited guest of the driver of the defendant's automobile when the alleged injury occurred. Applying these rulings, the petition did not make out a case against the defendant, and the judge did not err in sustaining the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*