32241.   CARPENTER *v.* LYONS *et al.*

DECIDED DECEMBER 3, 1948.

*Fulcher & Fulcher*, for plaintiff in error.

*Hammond, Kennedy & Sanders, Hull, Willingham, Towill & Norman*, contra.

SUTTON, C. J.   Marjorie Lyons sued Georgia Power Company, Grady Carpenter, and Ernest T. Reid for damages on account of the death of her minor son, Cleveland Horton.   Her petition as amended alleged substantially that, on March 8, 1948, about 9:15 p. m., Ernest T. Reid was operating an automobile owned by the defendant, Grady Carpenter, along Mount Auburn Street in Augusta, Georgia, while in the discharge of his duties as an employee of the said Grady Carpenter.   Cleveland Horton, the minor son of the plaintiff, was riding in said automobile as the invited guest of Ernest T. Reid when said vehicle suddenly struck a power pole owned by the Georgia Power Company, which was erected in the traveled portion of the street.   It was alleged that Mount Auburn Street at the time and place of the occurrence was rough, muddy, and rutted, with numerous large and deep holes partially filled with mud and water, in and about the traveled portion of the street, rendering the same practically impassable to motor vehicular traffic; that the driver of the car was operating the same at a high and dangerous rate of speed of 40 miles per hour with utter disregard to the obviously dangerous condition of the street, and was swerving, twisting, and turning said automobile in an attempt to avoid the more dangerous of said holes in utter and reckless disregard of human life and the safety of others, and that when he approached the power pole of the Georgia Power Company, referred to above, he suddenly and without warning pulled, turned, and twisted said automobile into the power pole, striking the same with the full impact and speed of the car, as a result of which a transformer belonging to the power company and affixed to said pole fell on the automobile at the place where the plaintiff's son was sitting, crushing his skull and resulting in his death.

It was alleged that the defendant, Grady Carpenter, personally, and by and through his agent and servant, Ernest T. Reid, and Ernest T. Reid in person, were grossly negligent toward the deceased son in the following respects: in operating the automobile at the time and place at a high and dangerous rate of speed in view of the condition of the street, which was obviously dangerous; in employing an 18-year-old minor, inexperienced and unqualified to operate an automobile, who had no State driver's license, all of which Grady Carpenter was fully aware of, and in placing a dangerous and high-powered automobile in the hands of a minor given to reckless operation of automobiles, and not having the same under control at the time and place aforesaid, when he swerved suddenly and without warning into the power pole. It was alleged that the defendant, Georgia Power Company, was negligent in erecting the power pole in the traveled portion of the public street, which was extremely narrow in width; in placing the pole in a position that was obviously an unlawful obstruction which interfered with the safe use of the street, and a hazard and a menace to her son riding in said automobile over said street; in failing to anticipate that said pole might be struck by a vehicle; and in allowing the attachments thereon to become rusty, worn, weak, defective, and insufficient.

All three of the defendants filed separate demurrers to the petition as amended. The demurrer of Georgia Power Company was sustained. The trial judge overruled the demurrers of Grady Carpenter and Ernest T. Reid; and Grady Carpenter excepted to the judgment overruling his general demurrer.

■ This court will not rule upon a matter which was not ruled upon by the trial court. The writ of error in the present case was filed in this court on September 29, 1948, and is based on a ruling and judgment of the trial court made on September 2, 1948.

Therefore, the suggested diminution of the record because of a purported amendment to the petition which was filed in the superior court on October 27, 1948, after the bill of exceptions was filed in this court, can not now be considered or granted.

■ "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence, unless it amounted to gross negligence." *Epps* v. *Parrish*, 26 *Ga. App.* 399 (106 S. E. 297). "In general, slight diligence is

that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. Applied to the preservation of property, slight diligence means that care which every man of common sense, howsoever inattentive he may be, takes of his own property. The absence of such care is termed gross negligence." Code, § 105-203. While defined in terms of property, the above rule applies with equal force to diligence to prevent injury to the person. *Harris* v. *Reid*, 30 *Ga. App.* 187 (2) (117 S. E. 256), and citations. "Questions of negligence and diligence, even of gross negligence and slight diligence, are as a rule to be determined by a jury and should not be settled by the court as a matter of law except in plain and undisputable cases." *Rowe* v. *Camp*, 45 *Ga. App.* 794 (1) (165 S. E. 894); *Frye* v. *Pyron*, 51 *Ga. App.* 613 (1) (181 S. E. 142). It was alleged that Grady Carpenter, acting by and through his agent and servant, Ernest T. Reid, was grossly negligent in operating the automobile at a high and dangerous rate of speed in view of the condition of the street, in employing an 18-year-old minor, inexperienced and unqualified, who had no driver's license, to operate the automobile, in placing a dangerous and high-powered automobile in the hands of a minor given to reckless operation of automobiles, and in not having the same under control when he swerved suddenly and without warning and hit the power pole. Code (Ann. Supp.) § 68-301 (a) provides: "No person shall operate a motor vehicle upon any public street or highway at a speed that is greater than is reasonable and safe, having due regard to the conditions then existing, including the width, grade, character, traffic, and common use of such street or highway, or so as to endanger life or limbs, or property in any respect whatsoever." No speed is defined by the above provision of the Code as being "greater than is reasonable and safe," and whether or not the driver was grossly negligent in operating the automobile at a dangerous rate of speed, under the conditions and circumstances alleged, is an issue of fact which should be determined by a jury. The fact that Grady Carpenter had employed and was using an 18-year-old boy as a driver is not negligence per se, inasmuch as persons 16 years of age or older and otherwise qualified are permitted to drive an automobile in this State. See Code, § 68-307. While

it is a violation of State law to operate an automobile without a driver's license (see Code, Ann. Supp., § 92A-401 et seq.), this is actionable negligence only when there is a proximate causal connection between such violation and the injury. *Aycock* v. *Peaslee-Gaulbert Paint &c. Co.,* 60 *Ga. App.* 897 (5 S. E. 2d, 598). The competency of the driver is a proper element for consideration on the issue of negligence by a jury. See *Luxemberg* v. *Aycock,* 41 *Ga. App.* 722, 727 (154 S. E. 460). Also see *Rowe* v. *Camp,* 45 *Ga. App.* 794 (165 S. E. 894). The allegations of the petition, insofar as they purport to allege gross negligence against Grady Carpenter, are insufficient to withstand the general demurrer, because it is alleged in the petition that the plaintiff's son was riding in the automobile as a passenger and invited guest of the driver, and nowhere does it appear that this was with the knowledge, authority, or consent of Grady Carpenter, the owner of the automobile. Applying the rule that the allegations of a petition must be construed most strongly against the pleader on demurrer, it follows that the guest was riding in the car at the time of his death without the knowledge, authority, or consent of Grady Carpenter. A driver employed by the owner of an automobile, who invites another as his guest to ride in the automobile without the knowledge, authority, or consent of the owner, is acting outside the scope of his employment, and the owner is not liable on account of the guest's death caused by negligence of the driver. *Beard* v. *Oliver,* 52 *Ga. App.* 229, 231 (182 S. E. 921), *Greeson* v. *Bailey,* 167 *Ga.* 638 (146 S. E. 490), and citations. Although the driver was the agent, servant, or employee of the defendant, and was driving the automobile in and about the defendant's business and in performance of the services for which he was hired, if while so engaged he invited a third person to ride with him as a guest, and thereupon such guest was killed by reason of the negligence of the driver, which negligence may have amounted to gross negligence, no right of action arose against the owner of the automobile and in favor of such person who may be entitled to sue on account of the wrongful death, unless it should also appear that the guest was in the automobile with the authority, knowledge, or consent of the owner. As the petition shows that the plaintiff's deceased son was riding in the automobile as the guest of the driver, Ernest T. Reid, at the time

of the accident which caused his death, without the authority, knowledge, or consent of the owner, no cause of action is set out against Grady Carpenter, the owner of the automobile, and the trial court erred in overruling the general demurrer of the defendant Carpenter.

*Judgment reversed. Felton and Parker, JJ., concur.*