## 34972. CRANE AUTO PARTS, STEWART AVENUE BRANCH, INC. v. PATTERSON.

DECIDED MAY 21, 1954—REHEARING DENIED JUNE 7, 1954.

*Ferdinand Buckley, Marshall, Greene, Baird & Neely,* for plaintiff in error.

*Northcutt & Edwards,* contra.

NICHOLS, J. The defendant contends that the evidence demanded a finding that its employee, Rowland, was acting beyond the scope of his authority in permitting the plaintiff to ride on its truck, and also showed that the plaintiff's injuries were caused by his own failure to exercise ordinary care.

The evidence supported the case as laid in the petition. The issue was not whether Rowland and Malone were expressly authorized to send the plaintiff onto the lot for the purpose of choosing an acceptable part and to permit him to ride in the defendant's vehicle, but was whether their actions were in the scope of their employment and in the prosecution of the defendant's business, so as to be impliedly authorized. Code § 105-108. As stated in *Evans* v. *Caldwell,* 52 *Ga. App.* 475 (2) (184 S. E. 440), affirmed in 184 *Ga.* 203 (190 S. E. 582): "'A master is responsible for the tortious acts of his servant, done in his business and within the scope of his employment, although he does not authorize or know of the particular act, or even if he disapproves or forbids.' This is so because the test of the master's responsibility for the acts of his servant is not whether such act was done in accordance with the instruction of the master to the servant, but whether it was done in the prosecution and in the scope of the master's business." Also see *Planters Cotton-Oil Co.* v. *Baker,* 181 *Ga.* 161 (181 S. E. 671).

The defendant's business was the sale of used automobile parts, and the plaintiff came to the defendant's lot to buy such a part. The evidence authorized the jury to find that the defendant's agent in charge of its place of business told the plain-

tiff and his mechanic to go with Rowland to be sure they got the part they wanted, and that Rowland told them to get on the truck with him to go to the junked automobiles to find the part sought. The jury was authorized to conclude that the invitation to go on the lot as well as to ride in the truck was given in the prosecution and within the scope of the defendant's business.

*Waller* v. *Southern Ice & Coal Co.*, 144 *Ga.* 695 (87 S. E. 888), and *Carpenter* v. *Lyons*, 78 *Ga. App.* 214 (50 S. E. 2d 850), which are cited by the defendant, are both cases in which the employee's invitation to a third person to ride in the employer's vehicle had no connection with the employer's business, and they are not in point.

The evidence did not show conclusively that the plaintiff could have avoided his injuries by the exercise of ordinary care. Rowland's negligence was not apparent to the plaintiff until after the plaintiff and his mechanic had refused to accept the part found at the first stop. The truck was then moving rapidly; the plaintiff and his mechanic requested the driver to slow down, and the mechanic got inside the truck, but the plaintiff was unable to do so, as it was filled with junk and a welding outfit.

The facts that the defendant's truck had a driver's seat only and was full of equipment, that the plaintiff stood on the running board of the truck while riding over the defendant's 25-acre lot, and that only one other vehicle might have also been moving on the lot at the time, do not demand a finding that the plaintiff's negligence was the sole cause of his injuries or that the plaintiff was negligent.

The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*