35367. THOMAS *v.* SMITH.

DECIDED FEBRUARY 23, 1955.

*Romae L. Turner, R. E. Thomas, Jr.*, for plaintiff in error.
*James A. Bagwell*, contra.

NICHOLS, J. The evidence was undisputed that the employee was not working for the defendant on the day in question, and that he had no actual authority on that day or on the days he worked for the defendant to make mechanical repairs on automobiles. The only question is whether the proved facts authorized a finding that they amounted to a holding out by the defendant that the employee was clothed with authority to do mechanical work on automobiles. We think that the evidence authorized such a finding. The testimony was conflicting in certain respects, so we deal with such evidence on the basis of what the judge could have found, to construe it favorably to the plaintiff and the judgment in his favor. Alvin Neeson, brother-in-law of the plaintiff testified in substance: that on July 23, 1953, the brakes on the automobile he borrowed from the plaintiff gave out, and he drove it to the defendant's filling station; that he had never been in that station before for business purposes; that when he entered the station he told one of the employees of the station that he wanted to get his brakes fixed, and the employee replied that he would get a mechanic for him, that the mechanic was back fixing his own automobile; that the mechanic, Montgomery, came out of the station, and said he would fix the car and he would get the parts when he made a telephone call, and that he made the call in the office; that he knew that both of the employees he talked to were working for Thomas because they had on his uniforms of a dark-blue color. Under the circumstances in this case, we think that, since mechanical work on vehicles was prohibited, it was within the employees' duties to inform the public that no such work could be done, and that the employee whom the plaintiff's brother-in-law approached breached his duty in this respect in advising that such work could be done. This breach of duty together with the other circumstances authorized a finding that a member of the public would be justified in concluding that the mechanic had authority to do the mechanical work on behalf of the defendant. It is common knowledge that some service stations do mechanical work, and we think it would be unreasonable to hold that, before a customer would be justified in having mechanical work done, he would be required to seek out the manager of the station to reassure himself that (under the circumstances of this case) the mechanic

actually had authority to do the mechanical work. Leviness *v.* Post (1875) 6 Daly (NY) 321, seems to be a significant case in this connection, although in deciding it the court did not happen to use the words "apparent authority." There the plaintiff, having gone to the shop where he was in the habit of having his horses shod, and not seeing there the man who usually did that work but nevertheless finding two employees of the defendant working there, one holding a horseshoe and the other hammering with a heavy sledge, made known his desire to have "a shoe fastened," whereupon one of the men told the other to fasten the shoe. "It was accordingly done, though so badly as eventually to cause the death of the horse, and the action was brought to recover the value of the horse. As to the defense that the particular workman was not employed by defendant to shoe horses but only in the making of implements at the same place, the court, upholding the judgment for plaintiff, pointed out that the workman was certainly not doing the work on his own account, that it was defendant's peril if the servant did more or less than instructed and that 'private instructions or limitations of power or employment of servants do not affect the master's liability, if the servant be in any way held out as having authority, or so placed as to give that impression to the public.'" 2 A. L. R. 2d 417, § 8. This citation, above quoted, is not directly in point with the case before this court, but it sets forth the same principle of law. The judgment was authorized, and the court did not err in denying the motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*