36212.   SHROPSHIRE *v.* CAYLOR *et al.*

38

DECIDED MAY 23, 1956.

*Hardin & McCamy,* for plaintiff in error.

*Harry T. Lawrence, James B. Langford,* contra.

TOWNSEND, J. ■ Headnote 1 needs no elaboration.

■ Code (Ann. Supp.) § 68-301 (Ga. L. 1955, p. 454) provides as follows: "Every owner of a motor vehicle operated upon the public highways, roads or streets of this State shall be liable and responsible for the death, or injuries to person or property resulting from negligence in the operation of such motor vehicle, if said motor vehicle is being used in the prosecution of the business of such owner or if said motor vehicle is being operated for the benefit of such owner." No judicial construction of this act has previously been given by this court or the Supreme Court. The wording "being operated for the benefit of such owner" is in substance so different from the statutes of other States making the owner liable for damage resulting from the negligence of an operator using the vehicle with the owner's consent that comparison with other laws sheds small light on the issue. See, in this regard, 60 C. J. S. 1123, § 442 et seq.; 5 Am. Jur. 735, § 401; Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 5, p. 83, § 2912. No question arises under the pleadings in this case as to the knowledge or consent of the defendant owner to the use to which the automobile was being put by the employee of Tate & Lewis Service Station, since it affirmatively appears that the owner desired and instructed such employee to bring the car back to him after servicing it. While these allegations are, as pointed out in the first headnote, insufficient to constitute the employee the agent of the defendant owner, they are certainly sufficient to show that the car was being used in a manner in which the owner desired it to be used. The leaving of a thing where one contracts for the labor or services of another in relation to it is a bailment for hire. Code § 12-201. Where an article is bailed to another

for the purpose of making repairs on it for a consideration, the bailment is in its inception for the mutual benefit of both the bailor and the bailee. *Renfroe* v. *Fouche,* 26 *Ga. App.* 340 (2) (106 S. E. 303). Accordingly, the bailment of the defendant's automobile to be washed, greased, and returned to him was for the benefit of the defendant as well as for the benefit of the service station, and the returning of the automobile from the service station to the owner by an employee of the service station was a part of the transaction. See *Speed Oil Co.* v. *Jones,* supra. Since such transactions are for the benefit of both the bailor and the bailee, the automobile of the defendant while being thus returned to him was "being operated for the benefit of such owner." This statute does not require that the operation of the vehicle be for the sole benefit of the owner, and must be construed so as to render the owner liable when the operation is such as is here alleged, which shows it to have been a substantial benefit to the owner and rendered pursuant to his procurement. The effect of this law is to extend the liability of owners of motor vehicles and to render them liable for the imputed negligence of another, where, under pre-existing law, there would be no such liability, and in effect makes proof of the benefit conferred on the owner the equivalent of proof of agency so as to impute the negligence of the operator to the owner.

Accordingly, the petition sets out a cause of action against the defendant, and the trial court properly overruled the general demurrer to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*