36679. McCORD *v.* McELROY *et al.*

Decided June 20, 1957—Rehearing denied July 9, 1957.

*John L. Respess, Jr., F. L. Breen,* for plaintiff in error.
*E. C. Harvey, Jr.,* contra.

NICHOLS, J. The petition alleged that William L. McCord, Jr., was injured when he was thrown out of, and under the wheels of, a truck owned by the defendants and being operated by their agent, servant and employee in the delivery of milk and statements for the defendants, and that his injuries were caused by the alleged negligence of the said operator of the truck, certain specified acts of negligence being alleged in the petition.

The plaintiff contends that under the act of 1955 (Ga. L. 1955, p. 454; Code, Ann., § 68-301), and under the decision of this court in *Shropshire* v. *Caylor*, 94 *Ga. App.* 37 (93 S. E. 2d 586), a judgment reversing the judgment of the trial court which sustained the defendants' general demurrer is demanded. The defendants contend that the line of cases exemplified by *Carpenter* v. *Lyons*, 78 *Ga. App.* 214 (50 S. E. 2d 850), wherein it was said at page 218, "A driver employed by the owner of an automobile, who invites another as his guest to ride in the automobile without the knowledge, authority, or consent of the owner, is acting outside the scope of his employment, and the owner is not liable on account of the guest's death caused by negligence of the driver. *Beard* v. *Oliver*, 52 *Ga. App.* 229, 231 (182 S. E. 921); *Greeson* v. *Bailey*, 167 *Ga.* 638 (146 S. E. 490)," controls the present case. These cases, and cases such as *Hicks* v. *Swift & Co.*, 81 *Ga. App.* 145 (58 S. E. 2d 256), are based on the premise that where an operator of a motor vehicle owned by his employer permits another to ride in such vehicle in violation of, or without, instructions from his employer he is acting outside the scope of his employment and therefore his master is not chargeable with his negligence should the person so riding be injured.

The act of 1955, supra, places liability on the owner of a motor vehicle in two instances, to wit: (1) When the motor vehicle is being used in the prosecution of the owner's business, and (2) When the motor vehicle is being operated for the benefit of the owner.

The allegations of the petition in the present case show that the truck, which was owned by the defendants, was being operated by the defendants' agent in the prosecution of the defendants' business, and that such use was for the benefit of the defendants. Judge Townsend in *Shropshire* v. *Caylor*, 94 *Ga. App.* 37, 40, supra, said: "The effect of this law [referring to the act of 1955, supra,] is to extend the liability of owners of motor vehicles and to render them liable for the imputed negligence of another, where, under pre-existing law, there would be no such liability, and in effect makes proof of the benefit conferred on the owner the equivalent of proof of agency so as to impute the negligence of the operator to the owner." Therefore, it is seen that the gist

of this act is to broaden the doctrine of respondeat superior, but it cannot be implied that it was the intent of the General Assembly in enacting this law to place liability on the owner of a motor vehicle in all cases where his motor vehicle is involved in some event where persons or property are injured regardless of whether the motor vehicle was being used for the benefit of the owner or in the prosecution of his business or not. See *Young* v. *Kickliter*, 213 *Ga.* 42 (96 S. E. 2d 605).

The test in the present case is not whether the operator of the motor vehicle was acting within the scope of his employment in permitting the plaintiff to ride in the truck and to help him in the delivery of milk and statements, but was the truck, at the time the plaintiff was injured, being used in the prosecution of the defendants' business or for their benefit. Accordingly, inasmuch as the petition alleged certain acts of negligence of the operator of the truck while such truck was being used in the prosecution of the defendants' business and while such truck was being used for the benefit of the defendants, which negligence was imputable to the defendants', the judgment of the trial court sustaining the defendants' general demurrer to the plaintiff's petition must be reversed.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur. Townsend and Quillian, JJ., concur specially. Felton, C. J., dissents.*

TOWNSEND, J., concurring specially. As stated in *Standard Steel Works Co.* v. *Williams*, 155 *Ga.* 177, 181 (116 S. E. 636): "Where the language of a statute consists of common ordinary words, and there is nothing to show that any unusual meaning is to be attached to the terms employed, it would be going beyond the province of the court, and all recognized limitations upon it in the construction of statutes, to deny to the language employed in the act its ordinary, usual signification and give it an unusual meaning and a forced or strained significance, even though such construction would avoid results which might be disastrous." And, in the picturesque language of Judge Lumpkin, in *Boston & Gunby* v. *Cummins*, 16 *Ga.* 102, 111 (60 Am. Dec. 717), is the following salutary comment: "All Courts, both in England and in this country, regret that any exceptions were ever engrafted,

by the Bench, on the Statutes of Frauds and of Limitations; and, I will add, to any other Statute. This is that Pandora's Box from which has emanated that curse and reproach of the law—its uncertainty. Adhere to the plain language of the law, and all can comprehend its meaning, and will conform their conduct and contracts to it. Lawyers will then know how to advise their clients; because, they can understand the law as it is written in the Statute Book, while they cannot foresee or foretell what it will be made by Judicial Legislation."

The foregoing quotations would seem to put me in good company in insisting that Code (Ann.) § 68-301 "means what it says." In its relevant part it provides: "Every owner of a motor vehicle operated upon the public . . . roads . . . of this State shall be liable and responsible for . . . injuries to person . . . resulting from negligence in the operation of such motor vehicle, if said motor vehicle is being used in the prosecution of the business of such owner. . ." Here the defendant was the owner of a motor vehicle. It was being operated on McAfee Road, a public road of this State. The plaintiff suffered injuries to his person resulting from negligence in the operation of, the motor vehicle. The vehicle was at the time being used by an employee of the defendant for the delivery of milk, this being in the prosecution of the owner's business. I do not think these plain facts, and this unambiguous language, can be strained by a theoretical consideration of the intent of the legislature so as to reach some other result than the one here reached and thereby deny a right of recovery as a matter of law, where every provision of the statute, according to the allegations of the petition, has been brought into play by the factual situation involved. I accordingly concur in the majority opinion.

QUILLIAN, J., concurring specially. While in accord with the majority opinion I think the petition would without aid of Code (Ann.) § 68-301 set forth a cause of action. It contains a general allegation that sufficiently alleged that Gary McElroy was the servant of the defendants and acting within the scope of his employment when he committed all of the acts resulting in the plaintiff's injuries. *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (58 S. E. 2d 559); *Planters Cotton-Oil Co.* v. *Baker*,

181 *Ga.* 161 (181 S. E. 671) ; *Williams* v. *Ballenger,* 87 *Ga. App.* 255, 260 (73 S. E. 2d 509) ; *Garver* v. *Smith,* 90 *Ga. App.* 892, 896 (84 S. E. 2d 693).

Not in every case is the act of the servant in eliciting the aid of a third person to assist in the transaction of the master's business without the scope of his employment. In *McGhee* v. *Kingman & Everett, Inc.,* 49 *Ga. App.* 767 (2) (176 S. E. 55) is the holding: " 'In determining the liability of the master for the negligent or wilful acts of a servant, the test of liability is, not whether the act was done during the existence of the employment, but whether it was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment.' *Gomez* v. *Great Atlantic & Pacific Tea Co.,* 48 *Ga. App.* 398 (172 S. E. 750). 'The agent's authority will be construed to include all necessary and usual means for effectually executing it.' Civil Code (1910) § 3595. Thus, where a servant is employed to take and deliver goods of the master in the master's truck to customers in another city, and after their delivery to return the truck to the master's place of business, and while they are thus en route a blowout of a heavy tire occurs, rendering its repair or change to another tire necessary, the servant, in the absence of contrary instructions, is authorized to do all things essential to the conduct of such business for the master; and this includes the right, so far as reasonably necessary, to obtain the assistance of another in the furnishing of needful light for the work of changing the tire when the blowout occurs at night."

FELTON, C. J., dissenting. I am of the opinion that the act of 1955 (Ga. L. 1955, p. 454; Code, Ann., § 68-301) is not applicable to this case. Said act is as follows: "Every owner of a motor vehicle operated upon the public highways, roads or streets of this State shall be liable and responsible for the death, or injuries to person or property resulting from negligence in the operation of such motor vehicle, if said motor vehicle is being used in the prosecution of the business of such owner or if said motor vehicle is being operated for the benefit of such owner." The 1955 law was enacted, in my opinion, to change the law as enunciated by the Supreme Court in *Carter* v. *Bishop,* 209 *Ga.* 919 (76 S. E. 2d 784). As was stated by the Second Division of this court in

*Shropshire* v. *Caylor,* 94 *Ga. App.* 37, 40 (93 S. E. 2d 586), "The effect of this law is to extend the liability of owners of motor vehicles and to render them liable for the imputed negligence of another, where, under pre-existing law, there would be no such liability, and in effect makes proof of the benefit conferred on the owner the equivalent of proof of agency so as to impute the negligence of the operator to the owner." In *Carter* v. *Bishop,* supra, the substitute driver had no authority to drive the truck and his driving for the master was not ratified by the master. In this case the driver is indisputably the authorized agent of the master in the operation of the truck and the 1955 law could not make him any more the agent than he already was and could not make him an agent for a different purpose from that of the agency already existing. In my opinion the 1955 act can never be applicable where there is present authorized authority in the person operating the vehicle. It is clear to me that the 1955 act did not expressly or by implication intend to alter or modify the existing law applicable to the relations of parties and duties owed by one party to another. "The primary wrong upon which a cause of action for negligence is based consists in the breach of a duty on the part of one person to protect another against injury, the proximate result of which is an injury to the person to whom the duty is owed. These elements of duty, breach, and injury are essentials of actionable negligence. In the absence of any one of them, no cause of action for negligence will lie." 38 Am. Jur. 651, 652, Negligence, § 11. "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy. . ." Code § 102-102 (9). On the question whether a certain provision changes a common-law rule, other related statutory provisions should be considered in ascertaining legislative intent. *Rogers* v. *Carmichael,* 184 *Ga.* 496, 501 (192 S. E. 39). The system of State law is not to be construed by single Code sections or single provisions of the law; the entire system must be construed as a whole to determine the intent and purpose of the law as applied to each particular case or state of facts. *Lucas* v. *Smith,* 201 *Ga.* 834, 837 (41 S. E. 2d 527). It was held in *Carpenter* v. *Lyons,* 78 *Ga. App.* 214 (50 S. E. 2d 850), and

other cases, that a driver employed by the owner of an automobile, who invites another as his guest to ride in the automobile without the knowledge, authority, or consent of the owner, is acting outside the scope of his employment and that the owner is not liable on account of the guest's death caused by the negligence of the driver. The basis for this ruling is that no duty is owed by the owner of the vehicle to the guest. The same rule applies in this case. The owner owed no duty to the person invited by the driver agent. If this act is construed literally, as is being done by the majority, the owner of the vehicle would be liable for damages to a guest invited without authority if a substitute and unauthorized driver himself invited a guest without authority and injured him negligently. Likewise, under such construction as the majority is giving to this act, the owner of a vehicle would also be liable to a person who came upon the vehicle without the knowledge or consent of the driver of the vehicle. Such a construction of the act reads into it a complete change in the law of duties and the persons to whom they are owed. I do not think that my construction of the act reads anything into it, in view of the court's duty to construe the statute as the law requires. There is no attempt in the words of the act to define the class of persons the act is intended to benefit and it simply means that the owner of a vehicle is liable to those to whom he would have been liable if specific authority to operate the vehicle had been present and does not cover any other acts of the driver of a vehicle which do not pertain to the actual operation of the vehicle. There was no duty of ordinary diligence on the part of the owner of the vehicle in this case to the plaintiff.