39385, 39386.   DAVENPORT v. SOUTH ATLANTIC
GAS  COMPANY  (two cases).

Decided April 23, 1962—Rehearing denied May 16, 1962.

Richardson, Jones & Doremus, Ogden Doremus, Aaron Kravitch, for plaintiffs in error.

Oliver, Davis & Maner, Edwin Maner, Jr., contra.

HALL, Judge. 1. There is no merit in the plaintiff's contention that, because the defendant's general demurrer was not filed until after the plaintiff's amendment, and the time prescribed by Code Ann. § 81-301 for filing defensive pleadings had expired, the trial court erred in considering and ruling on the demurrer. Attacks on the substance, as opposed to the form, of the pleadings can be made orally at any time before verdict. Kelly v. Strouse & Bros., 116 Ga. 872, 879 (43 SE 280); Ayers v. Young, 210 Ga. 441, 442 (80 SE2d 801); Bigelow-Sanford Carpet Co. v. Goodroe, 98 Ga. App. 394 (106 SE2d 45). An oral motion to strike or to dismiss is essentially the same as a general demurrer. Code Ann. § 81-301 does not forbid the trial court to pass on objections to the substance of pleadings when made in writing, rather than orally, at any time before verdict. Mayo v. Owen, 207 Ga. 641 (63 SE2d 649).

2. The allegations of the petition do not show that the plaintiff failed to exercise ordinary care for her own safety. The plaintiff had twice, with the permission of defendant's employees, crossed the ditch without mishap and changed the method of crossing on the advice and direction of the defendant's employees who were working at the ditch. They assured her that the way they directed her to cross was safe and that they were experienced and had special knowledge in the matter. It was not apparent to her that the dirt mound on which they directed her to step was not packed compactly and ade-

quately to support her as they represented it to be, or that there was any danger in using it. We think in these circumstances the plaintiff could reasonably have assumed that there was some reason for the defendant's employees directing her to change her means of crossing as they did, and that she was not as a matter of law negligent in following their directions or in failing to ascertain that the dirt mound was not as they represented it to be. *Crane Auto Parts v. Patterson,* 90 Ga. App. 257, 261 (82 SE2d 666); *Misenhamer v. Pharr,* 99 Ga. App. 163, 166 (107 SE2d 875); *Etheridge Motors v. Haynie,* 103 Ga. App. 676 (120 SE2d 317). Plaintiff's allegation that the dirt mound did not appear dangerous to her "does not necessarily show the condition or defect was of such nature that a reasonably prudent person should have foreseen" the danger. *Misenhamer v. Pharr,* 99 Ga. App. 163, 168, supra. On the other hand, we cannot say as a matter of law that plaintiff in the exercise of ordinary care should have known that it was dangerous, particularly in view of the directions and assurances of the defendant's employees. Hence the question of plaintiff's care for her own safety must be left to the jury. *Central City Ice Works v. Mayor &c. of Macon,* 92 Ga. 413 (17 SE 660). The case of *Central of Georgia R. Co. v. Roberts,* 213 Ga. 135 (97 SE2d 149), cited by the defendant, is different from the present case in that the directions given by the defendant's agents, alleged as negligence in that case, placed the plaintiff in a place of safety.

3. The petition is not subject to general demurrer as failing to show that the defendant's employees in directing the plaintiff over the ditch were acting within the scope of their employment. The petition shows that the employees were clothed with such authority. *Thomas v. Smith,* 91 Ga. App. 508 (86 SE2d 353). The digging of the ditch was in furtherance of the defendant's business. If the ditch was an impediment to entering the house, or if it was necessary in digging and maintaining the ditch to direct persons over it, such directions would also be in furtherance of the employer's business. The persons employed in digging and maintaining the ditch would be impliedly authorized to give such directions as "a

necessary and usual means for effectually accomplishing their task." *Crane Auto Parts v. Patterson,* 90 Ga. App. 257, 260 supra; *Ellison v. Evans,* 85 Ga. App. 292, 296 (69 SE2d 94); *McGhee v. Kingman & Everett,* 49 Ga. App. 767, 768 (176 SE 55) International Agricultural Corp. v. Slappey, 261 F 279, 282; Hinson v. United States, 257 F2d 178, 183. In *Bazemore v. MacDougald Const. Co.,* 85 Ga. App. 107 (68 SE2d 163), cited by the defendant, the workman of whom the plaintiff inquired and who assured her that the sidewalk where she was injured was safe, was not shown to have worked on or to have had anything to do with the defect in the sidewalk which had been created some time previously.

4. The allegations of the petition are sufficient to charge negligence by the defendant's employees in directing the plaintiff to step on the mound of dirt and across the ditch, when this means of crossing appeared to the plaintiff to be safe but was not safe, and in assuring the plaintiff that it was safe to cross when by the exercise of ordinary care they could have discovered otherwise. *Lenkeit v. Chandler,* 97 Ga. App. 769 (104 SE2d 476); *Etheridge Motors v. Haynie,* 103 Ga. App. 676, supra; Restatement of the Law of Torts, 840, § 310; 843, § 311. Accord *Burks v. Green,* 85 Ga. App. 327, 329 (69 SE2d 686); *King Hardware Co. v. Ennis,* 39 Ga. App. 355 (147 SE 119); *Segal v. Carroll Furniture Co.,* 51 Ga. App. 164 (179 SE 775).

The trial court erred in sustaining the general demurrer.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*