### 59776. McLOON v. AMOCO OIL COMPANY.

BIRDSONG, Judge.

This appeal arises from a suit on account for fertilizer and other farm chemicals sold in the amount of $21,673.43 to appellant McLoon. The jury returned a verdict in that exact amount against McLoon, and he appeals, enumerating three errors below.

1. Appellee's motion for ten percent damages due to dilatory appeal is denied.

2. Appellant McLoon contends the trial court erred in admitting plaintiff-appellee's exhibits showing statements of account, in that these pieces of evidence were not properly authenticated pursuant to Code § 38-310, even though the court admitted them under Code § 38-711 as business records. Appellant's argument is ill-founded, inasmuch as this court has previously disposed of it. In *Zanac v. Frazier Neon Signs,* 134 Ga. App. 501, 502 (215 SE2d 265), we held that where evidence is qualified under Code § 38-711, it is not necessary to authenticate it under Code § 38-310. See also, 11 EGL, Evidence § 115, 1979 Rev., where Professor Agnor comments that although Code § 38-310 was not repealed when Code § 38-711 was enacted in 1952, Code § 38-310 is of little use today and therefore yields to Code § 38-711. We can perceive of rare situations which are exceptions to that principle, but this case is not one of them. This enumeration may be faulted also because the appellant objected to the evidence on general grounds and therefore presents nothing valid on appeal. *Hewitt v. State,* 127 Ga. App. 180, 182 (193 SE2d 47). Moreover, the witness introducing these exhibits showed sufficient familiarity with them and their sources and no attempt was made to show otherwise so that we cannot say the trial court abused its wide discretion in admitting them (see *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360 (223 SE2d 757)); if there were any lack of personal knowledge of the witness concerning these exhibits, then the weight and credit to be given them was a matter for determination by the jury. *Cotton,* supra, p. 362.

3. Appellant contends the trial court erred in overruling his motion jnov and in overruling his alternative motion for new trial, because of "a fatal variance between the allegata and probata." As

appellant's counsel admitted at trial, whether or not the accounts statements named "Daniel McLoon" and "Donnell McLoon" were in fact the misnomered accounts of appellant Donnie McLoon, was a jury question. The jury determined that those accounts were Donnie McLoon's, and the evidence supports that finding. The verdict is in accordance with the evidence, and we find no error in the trial court's ruling.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED APRIL 8, 1980 — DECIDED JULY 3, 1980 —
REHEARING DENIED JULY 22, 1980 —

*J. Laddie Boatright,* for appellant.
*E. M. Wilkes,* for appellee.